IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH L MORGAN, JR., On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-cv-3459 |
| BIG TEX WELL SERVICES, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § | CLASS ACTION |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff, RALPH L. MORGAN, JR. ("Morgan" or "Plaintiff"), on behalf of himself and all other similarly situated affected employees, files this Complaint against BIG TEX WELL SERVICES, LLC ("Big Tex" or "Defendant"), showing in support as follows:

## I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiff and similarly situated individuals (the "Class Members") in connection with recent a Mass Layoff at Defendant's single site of employment relative to its well service operations conducted at, from, through, and/or in connection with its well service business location at 1560 Good Hope Pike, Clarksburg, West Virginia, or in the alternative, Plant Closing, at Defendant's 1560 Good Hope Pike, Clarksburg, West Virginia single site of employment/operational units within that single site of employment at, from and/or through which Plaintiff and the Class Members were employed in connection with Defendant's well service operations during the relevant time period.

2.      Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiff and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Ralph L. Morgan, Jr.

3.      Morgan is a natural person who resides in Union County, Arkansas. He has standing to file this lawsuit.

4.      Morgan was employed by Defendant as an oilfield worker where he worked for Defendant's oilfield operations on workover rigs/completion rigs in and around in West Virginia at, from, through, and/or in connection with Defendant's yard  at 1560 Good Hope Pike, Clarksburg, West Virginia.

5.      Morgan's employment with Defendant began on or about March 1, 2014, and at all relevant times thereafter until his termination of employment, he was a full time employee of Defendant. Morgan's employment with Defendant was verbally terminated without any advance written warning on or about March 31, 2015 ("Morgan's Employment Loss").

### B.      Class Members

6.      The Class Members are affected employees who are similarly situated to Morgan, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendant's Mass Layoff, or in the alternative, Plaint Closing, made the subject matter of this lawsuit the 30 day or 90 day period from Morgan's Employment Loss.

7.      On information and belief, the single site of employment in this lawsuit for purposes of the WARN Act for Plaintiff and the Class Members is/was Defendant's place of

business/former place of business located at/near 1560 Good Hope Pike, Clarksburg, West Virginia.

8.      Alternatively, the single site of employment in this lawsuit purposes of the WARN Act is/was Defendant's 1560 Good Hope Pike, Clarksburg, West Virginia place of business to which Plaintiff and the Class Members are/were assigned as their home base, from which their work is/was assigned, or to which they report/reported.

9.      Alternatively, the single site of employment in this lawsuit for purposes of the WARN Act for Plaintiff and the Class Members are/were the workover rigs of Defendant operating in reasonable geographic proximity to Defendant's 1560 Good Hope Pike, Clarksburg, West Virginia place of business, and/or reasonable geographic proximity to each other in Defendant's Marcellus Shale Operations, that are/were used for the same purpose, and share/shared the same staff and equipment.

10.     Alternatively, should discovery reveal that there is/was more than one single site of employment or is/was an alternative single site of employment for Plaintiff and the Class Members, then Plaintiff reserves the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

## C.      Defendant Big Tex Well Services, LLC

11.     On information and belief, Defendant is a for profit limited liability company organized under the laws of the State of Texas.

12.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

13.     On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business in Texas is and has been at or near 327 N. Denton Street, Weatherford, Texas 76086.

14.     Defendant may be served with summons through its registered agent, Mr. Tommy Robertson, 1712 Santa Fe Drive, Suite B, Weatherford, Texas 76086.

**D.     Jurisdiction and Venue**

15.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

16.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

17.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim, and the claims of the Class Members on federal law, namely 29 U.S.C. §§ 2101-2109.

18.     Venue is proper in the United States District Court for the Northern District of Texas because Defendant identifies that its principal place of business is located in this judicial district as identified above. Furthermore, at all relevant times, Defendant transacted business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5).

**III.     FACTUAL BACKGROUND**

19.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20.     On information and belief, and at all times relevant, Defendant is or was a business enterprise that employs/employed 100 or more employees, excluding part-time

employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given.

21.     At times relevant, Defendant operated a business location at or near 1560 Good Hope Pike, Clarksburg, West Virginia (the West Virginia Rig Yard") at, from, through, and/or in connection with Defendant conducted well completion and related services in the Marcellus Shale.

22.     Defendant's oilfield operations conducted at, from, through, and/or in connection with the West Virginia Rig Yard included/included oilfield related work in the Marcellus Shale with equipment such as oilfield rigs generally known as completion rigs, workover rigs, pulling units, and/or snubbing units (collectively the "Completion Rigs"), vehicles, and other equipment. The Completion Rigs, vehicles and other equipment operated in connection with facilitating completion and/or operational production of wells in the Marcellus Shale oil and/or natural gas field.

23.     Defendant employed numerous employees in connection with its West Virginia Rig Yard and Completion Rig.

24.     Defendant's employees regularly worked two weeks (*i.e.* a hitch) and two weeks off while working on Defendant's Completion Rigs in connection with Defendant's Marcellus Shale business operations. During a two week hitch, employees worked long hours, usually no less than 12 hours per day, seven days per week.

25.     During hitches, and from hitch to hitch, Defendant regularly exchanged employees amongst different Completion Rigs.

26.     Defendant customarily shared equipment, such as tools, power units, pipe, pumps, vehicles, and other equipment needed for its Marcellus Shale operations amongst the different Completion Rigs.

27.     On information and belief, Defendant's West Virginia Rig Yard is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Plaintiff and the Class Members. Although Defendant also maintains/maintained other offices and business locations, such as its business location or locations in Texas, on information and belief, management of Defendant's West Virginia/Marcellus Shale oilfield operations in addition to management and administrative support of the West Virginia Rig Yard and Completion Rig employees, is/was conducted at/from/through the West Virginia Rig Yard.

28.     Alternatively, the single site of employment in this lawsuit purposes of the WARN Act is/was Defendant's West Virginia Rig Yard to which Plaintiff and the Class Members are/were assigned as their home base, from which their work is/was assigned, or to which they report/reported.

29.     Alternatively, the single site of employment in this lawsuit for purposes of the WARN Act for Plaintiff and the Class Members are/were the Completion Rigs of Defendant operating in reasonable geographic proximity to Defendant's Rig Yard, and/or reasonable geographic proximity to each other in Defendant's Marcellus Shale Operations, that are/were used for the same purpose, and share/shared the same staff and equipment.

30.     Alternatively, should discovery reveal that there is/was more than one single site of employment or is/was an alternative single site of employment for Plaintiff and the Class Members, then Plaintiff reserves the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

*Plaintiff's Original Class Action Complaint*                                                    6

31.     Plaintiff worked with numerous other employees of Defendant. Those employees performed oilfield operations/support of oilfield operations for Defendant. Like Plaintiff, those workers are/were subject to Defendant's Mass Layoff, or in the alternative, Plant Closing made the subject matter of this lawsuit.

32.     Plaintiff was verbally notified by Defendant on or about March 31, 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss.

33.     Plaintiff was not discharged for cause, did not voluntarily resign, and did not retire.

34.     On and around the time of his verbal notification of employment loss, Plaintiff learned that numerous other similarly situated employees of Defendant suffered an employment loss in connection with the single site of employment, or alternative single sites of employment, made the subject matter of this lawsuit.

35.     On information and belief, the employment losses at the single site of employment made the subject matter of this lawsuit occurred within a 30 day period of Plaintiff's Employment Loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Plaintiff's Employment Loss, such employment losses not being the result of separate and distinct actions and causes.

36.     On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the single site of employment or alternative single sites of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more

of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the single site of employment or alternative single sites of employment made the subject matter of this lawsuit had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

37.   The exact number of employees who experienced an employment loss at the single site of employment or alternative single sites of employment made the basis of this lawsuit within a 30 day and 90 day period of Plaintiff's Employment Loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through/in connection with the single site of employment or alternative single sites of employment made the subject matter of this lawsuit is information that is currently known only to Defendant.

38.   On information and belief, all or substantially all business operations at the West Virginia Rig Yard ceased at or near the time of the employment losses made the subject matter of this lawsuit..

39.   On information and belief, all or substantially all active oilfield business operations with Defendant's Completion Rigs ceased at or near the time of the employment losses made the subject matter of this lawsuit.

40.   Plaintiff and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss relative to the Mass Layoff, or in the alternative, employment loss relative to the Plant Closing, made the subject matter of this lawsuit.

41.   Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss relative to the Mass Layoff, or in the alternative, employment loss relative to the Plant Closing, made the subject matter of this lawsuit.

42.     Plaintiff and the Class Members were not provided with written notice, at any time prior to their termination/employment loss, of each and every of the following items in connection with their termination/employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.     WARN ACT CLAIMS

43.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.     At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

45.     At material times, Defendant employed 100 or more employees, excluding part-time employees.

46.     On information and belief, Defendant's West Virginia Rig Yard constitutes/constituted a single site of employment for Plaintiff and the Class Members. 29 C.F.R. § 639.3(i).

47.     Alternatively, the single site of employment in this lawsuit purposes of the WARN Act is/was Defendant's West Virginia Rig Yard to which Plaintiff and the Class Members are/were assigned as their home base, from which their work is/was assigned, or to which they report/reported. 29 C.F.R. § 639.3(i)(3).

48.     Alternatively, the single site of employment in this lawsuit for purposes of the WARN Act for Plaintiff and the Class Members are/were the Completion Rigs of Defendant operating in reasonable geographic proximity to Defendant's Rig Yard, and/or reasonable geographic proximity to each other in Defendant's Marcellus Shale Operations, that are/were used for the same purpose, and share/shared the same staff and equipment. 29 C.F.R. § 639.3(i)(6).

49.     "The term 'single site of employment' may also apply to truly unusual organizational situations where the above criteria do not reasonably apply. The application of this definition with the intent to evade the purpose of the Act to provide notice is not acceptable." 29 C.F.R. § 639.3(i)(8). Should discovery reveal that there is/was more than one single site of employment or is/was an alternative single site of employment for Plaintiff and the Class Members, then Plaintiff reserves the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

50.     Plaintiff maintains this action on behalf of himself and on behalf of each other similarly situated employee/former employee.

51.     Each Class Member is similarly situated to Plaintiff with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

**A.**     **Mass Layoff**

52.     During a 30 day or 90 day period from Plaintiff's Employment Loss, Defendant ordered/executed a "Mass Layoff" at the at the single site of employment or alternative single sites of employment made the basis of this lawsuit. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

53.     Plaintiff and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

54.     On information and belief, 1/3 of the employees at the at the single site of employment or alternative single sites of employment made the basis of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

55.     Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Mass Layoff made the subject matter of this lawsuit.

### B.     Plant Closing

56.     Pleading in the alternative, and on information and belief, Plaintiff alleges there was a Plant Closing under the Warn Act.

57.     With the number of employment losses at the single site of employment or alternative single sites of employment made the basis of this lawsuit within 30 days or 90 days of Plaintiff's Employment Loss, Plaintiff and the Class Members experienced a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). Defendant's Completion Rigs constitute operating units within the West Virginia Rig Yard in connection with a Plant Closing.

58.    Plaintiff and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Plant Closing made the subject matter of this lawsuit. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiff and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Plant Closing made the subject matter of this lawsuit.

C.    **No Written Notice of Mass Layoff and/or Plant Closing**

59.    Plaintiff and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff, or in the alternative, Plant Closing.

60.    Plaintiff and the Class Members were not provided with any written notice by Defendant prior to their employment loss relative to the Mass Layoff, or in the alternative, employment loss relative to the Plant Closing, made the subject matter of this lawsuit.

61.    Plaintiff and the Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss relative to the Mass Layoff, or in the alternative, employment loss relative to the Plant Closing, made the subject matter of this lawsuit: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

*Plaintiff's Original Class Action Complaint*                                                     12

62.     On information and belief, Defendant did not notify the state agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Mass Layoff, or in the alternative, Plant Closing made the subject matter of this lawsuit.

63.     On information and belief, Defendant did not notify the state agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiff and the Class Members.

**D.     Damages**

64.     As a result of Defendant's violations of the WARN Act, Plaintiff and the Class Members have suffered damages. Plaintiff and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

**V.     CLASS ACTION ALLEGATIONS**

65.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

66.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

67.     Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a Class initially defined as: "All of Defendant's employees/former employees working at/from/through Defendant's Clarksburg, West Virginia single site of employment for its oilfield operations who experienced an employment loss during the 30 or 90 day period from March 31, 2015 without 60 days' advance written notice required by the WARN Act in connection with a Mass Layoff, or in the alternative, a Plant Closing in

connection with that single site of employment." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading.

68.    Plaintiff and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

69.    Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

70.    On information and belief, the Class Members are so numerous that joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records. However, on information and belief, Plaintiff believes the number of Class Members exceeds 100.

71.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

  a.   Whether the provisions of the WARN Act apply;

  b. The single site of employment of Plaintiff and the Class Members, as that phrase is defined by 29 C.F.R. § 639.3(i).

  c. Whether Defendant's employees working at/from/through the single site of employment experienced an employment loss in connection with a Mass Layoff, or in the alternative, Plant Closing under the WARN Act;

  d.   Whether Defendant failed to provide the notices required by the WARN Act;

e.  Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

f.  The appropriate method to calculate damages under the WARN Act.

72.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

73.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

74.    Plaintiff is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. Plaintiff is, therefore, a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff's claims are typical of the claims of all members of the Class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiff and his counsel do not have claims or interests that are adverse to the Class Members.

75.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

76.     Plaintiff demands a jury trial.

## VII.   DAMAGES AND PRAYER

77.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.      An order certifying that the action(s) may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

b.      Designation of Allen R. Vaught, Baron & Budd, P.C., as Class Counsel;

c.      All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

d.      Pre-judgment and post-judgment interest;

e.      Costs;

f.      Reasonable attorney's/attorneys' fees; and

g.      All other relief to which Plaintiff and the Class Members are entitled.

Date: October 25, 2015.

Respectfully submitted,


By:     s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966

Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF